Barnard, P. J.
It is not clear from the record what the facts are, out of which the action arises. There was no proof taken and the complaint is the only guide, as that was dismissed for stating no cause of action.
By the complaint it appears that Gillies and Fredericks, leased a lot of land for ten years, to James Dillon. This term expired in February, 1883. In 1815 James Dillon and his wife, the plaintiff, assigned this lease to the defendants. There had been a transfer from the husband through one Farrell to the wife, and either before the transfer or after it a house had been erected on the lot. The complaint is not very plain, but the house was attached to the freehold but in “ such manner that the same could be removed from said lot at the expiration of said lease. Whether it is intended to assert that the building was erected for trade or manufacture or that it could be removed by the terms of the Gillies lease does not appear.
It is averred that the building was sold to the plaintiff and delivered to him. The averment in respect to the transfer to the defendant is again blind. It is stated that the plaintiff and her husband “ as security for a certain indebtedness of plaintiff’s said husband, assigned said lease of said lot, together with the building thereon, to the defendants, for the unexpired term of said lease, and delivered possession of said lot and premises to the defendants.”
Did the pleader intend to aver a transfer of the building with the lease or merely a transfer of the lease, with the right to use the building as part of and under the Gillies lease, during the remainder of the term ?
*724 In the absence of proof, and as matter of pleading, I should feel unwilling to hold that the building was itself transferred as security. Again if the building was transferred, and if we are permitted to go beyond the answer which is denied by the plaintiff, at least in the form in which the pleadings are presented, it is seen that inferentially the building was transferred to defendants, but that the plaintiff had the full term of the lease in which to redeem.
The complaint avers that the defendants sold the building to a third party “ at and before the expiration of said lease.”
If the building was not transferred to defendants, it was a conversion to sell it, and if a right of redemption existed when they sold the building, a¡ right of action also existed, for the sale was then without right. Wheeler v. Newbould, 16 N. Y., 392.
In either case the dismissal of the complaint was erroneous.
Judgment reversed and new trial granted, costs to abide event.
Pratt, J., concurs. _